IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| KRISHNA REDDY, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:11cv845 |
| | § | (Judge Clark/Judge Mazzant) |
| SUPERIOR GLOBAL SOLUTIONS, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 5, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion for an Order for Entry of Default by the Court Clerk and for Default Judgment as to the Defendants Gary Smith, Kathy Coos, Karen Boudreaux, Sydniee Schuster, and Christine Randolph, in Their Representative Capacity as Agents of the Defendant Superior Global Solutions, Inc. [Doc.. #32] be denied. On July 23, 2012, Plaintiff filed objections which included a request that the United States Magistrate Judge recuse himself from the case due to bias [Doc. #49]. On August 6, 2012, Superior Global Solutions, Inc. ("Superior") filed a response to the objections [Doc. #55]. On August 16, 2012, Plaintiff filed a reply [Doc. #57].

The Magistrate Judge has denied Plaintiff's request for him to recuse [Doc. #58]. Before addressing Plaintiff's objections to the report, the court will address Plaintiff's request for recusal.

Plaintiff also requested that the undersigned recuse from the case due to the fact that the undersigned was nominated by President Bush. Plaintiff also asserts all Republican judges should

1

recuse because Plaintiff had once filed a lawsuit against President Bush.

Section 144 of 28 U.S.C. provides:

> Whenever a party to any proceeding in a district court makes and files a *timely* and *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reason for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party shall file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. [*emphasis added*]

28 U.S.C. § 144.

Some of the grounds for recusal of a judge are set out in 28 U.S.C. § 455. This statute says, in pertinent part, as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned.
(b) He shall also disqualify himself in the following circumstances:
 (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 (2) Where in private practice he served as a lawyer in the controversy ...
 (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness ...
 (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
 (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
  (i) is a party to the proceeding ...
  (ii) is acting as a lawyer in the proceeding;
  (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
  (iv) is to the judge's knowledge likely to be a material witness in the proceeding. [*emphasis added throughout*]

28 U.S.C. § 455.

The Fifth Circuit has held that a legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: it must (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature. *Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990). The court notes that mere disagreements as to rulings made are almost always insufficient to show bias or prejudice justifying removal. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed.2d 474 (1994)(*citing United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed.2d 778 (1966)). Furthermore, affidavits that are based on mere conclusions, opinions, or rumors rather than personal knowledge are legally insufficient to require recusal. *Henderson*, 901 F.2d at 1296.

To the extent that Plaintiff is arguing that recusal is proper due to bias or prejudice, such a motion is granted "only where bias comes from an extrajudicial source and results in an opinion based on something besides what the judge has learned in the case at hand" or "if it would appear to an objective observer that he would not be impartial . . . ." *Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, No. 09–30829, 2011 WL 4835802 at *2 (5th Cir. Oct. 6, 2011). As Plaintiff has put forth no evidence of that, the request for recusal is denied.

Plaintiff raises the following objections to the Magistrate Judge's report: (1) That Gary Smith, Kathy Coos, and Karen Boudreaux responded only in their individual capacity and not in their representative capacity; (2) That the individual Defendants did not file a verified denial in their representative capacity pursuant to Texas Rule of Civil Procedure 93; (3) That service of process on both Sydniee Schuster and Christine Randolph was proper and that defective service has not been challenged timely; (4) That defaults should be entered against Sydniee Schuster and Christine Randolph because neither has filed any responsive documents; and (5) a request to transfer the case

3

to the Northern District of California.

After considering the objections, the court finds that they have no basis in law or in fact. Plaintiff raised these issues before the Magistrate Judge, and he properly considered the issues. First, Plaintiff has the burden of establishing proper service. The record clearly indicates that Plaintiff did not properly serve Sydniee Schuster and Christine Randolph. The returns do not demonstrate personal service upon these two Defendants. Second, Plaintiff is confused regarding the capacity issues. Superior is a party to this case. Any claim against any individual in a representative capacity is a lawsuit against Superior. Default would not be proper against any of the individual Defendants in their representative capacity. Finally, Plaintiff asserts in her objections that the case should be transferred to California. This is not the proper vehicle for the court to consider this issue. The court would also note that Plaintiff filed the action in this court and could have filed this case in California.

This court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Plaintiff's Motion for an Order for Entry of Default by the Court Clerk and for Default Judgment as to the Defendants Gary Smith, Kathy Coos, Karen Boudreaux, Sydniee Schuster, and Christine Randolph, in Their Representative Capacity as Agents of the Defendant Superior Global Solutions, Inc. [Doc. #32] is DENIED.

So **ORDERED** and **SIGNED** this **23** day of **August, 2012.**

_____
Ron Clark, United States District Judge