IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KRISHNA REDDY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:11cv845 |
| | § | (Judge Clark/Judge Mazzant) |
| SUPERIOR GLOBAL SOLUTIONS, INC., | § | |
| ET AL., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 2, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the Motion to Dismiss Pursuant to Rule 12(b)(6) by defendants Gary Smith, Kathy Coos, and Karen Boudreaux [Doc. #20] and Motion to Dismiss Pursuant to Rule 12(b)(6) by defendant Superior Global Solutions [Doc. #21] be granted in part and denied in part. Defendants Kathy Coos and Karen Boudreaux filed objections on October 17, 2012 [Doc. #65]. Plaintiff filed objections on October 19, 2012 [Doc. #66]. Plaintiff also filed a response to the defendants' objections [Doc. #68].

Defendants' only objection is that the Magistrate Judge should have dismissed the plaintiff's section 1981 claim. The Magistrate Judge correctly pointed out that defendants did not address the possibility of the individual defendants' liability pursuant to section 1981 in their motion to dismiss and only briefly mentioned it in their reply. In fact, in their reply, defendants alleged the following with regard to the section 1981 claim: "Plaintiff has not alleged grounds whereby Defendants can

1

be held liable under Section 1981; therefore, this claim must be dismissed." This is not sufficient for the defendants to place the issue before the court.

Plaintiff first objects that the Magistrate Judge failed to mention her cross-motion for judgment in her favor [Doc. #28]. Although the Magistrate Judge does not mention this motion, which was contained in her response to one of the motions to dismiss, it is clear that the Magistrate Judge considered all of the matters contained in her motion. In order for the record to be clear, the court, at this time, denies the relief being sought by plaintiff.

Plaintiff then proceeds to spend several pages [pages 2-7] reviewing the representative capacity claims that have already been considered and rejected by the court in previous reports and orders adopting. The court will not revisit the issue here.

Plaintiff next objects that she can maintain liability against the individual defendants under Title VII. Plaintiff merely reasserts the same arguments made before the Magistrate Judge. The court finds no error and adopts the Magistrate Judge's finding that the individual defendants cannot be held liable under Title VII.

Plaintiff next objects that the Magistrate Judge erred in recommending dismissal of her Title VII hostile environment claim against defendant Superior. Although the Magistrate Judge's findings are not incorrect, the court finds that it is premature to dismiss this claim at this time.

Plaintiff also objects to the recommended dismissal of the state law claims against the individual defendants. Plaintiff again merely reasserts the same arguments she made before the Magistrate Judge. The objections have no merit and are overruled.

Plaintiff also objects to the recommended dismissal of her claims for fraud, deceit and civil conspiracy against Superior. The Magistrate Judge found that plaintiff failed to allege facts that would make these claims plausible. The court agrees.

Plaintiff next objects to the recommended dismissal of her claim for blacklisting. The Magistrate Judge was correct in finding that this claim would not apply based upon the facts alleged by plaintiff.

Plaintiff's last objection relates to the dismissal of her claim for unconstitutional offshoring of confidential medical information. Plaintiff raises no new arguments, and this claim shall be dismissed with prejudice because there were no facts alleged that would make this claim plausible.

The court, having made a *de novo* review of the objections and response referenced herein, hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court, in part, as set forth herein.

It is, therefore, **ORDERED** that the Motion to Dismiss Pursuant to Rule 12(b)(6) by defendants Gary Smith, Kathy Coos, and Karen Boudreaux [Doc. #20] is **GRANTED** and all claims against the individual defendants are DISMISSED with prejudice, except for the claim under section 1981.

It is further **ORDERED** that the Motion to Dismiss Pursuant to Rule 12(b)(6) by defendant Superior Global Solutions [Doc. #21] is **GRANTED** in part, and plaintiff's claims for fraud, deceit and civil conspiracy, intentional and negligent interference with contract and prospective economic advantage, blacklisting, and unconstitutional offshoring of confidential medical information are DISMISSED with prejudice.

So **ORDERED** and **SIGNED** this **14** day of **December, 2012.**

_____
Ron Clark, United States District Judge