**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KRISHNA REDDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 4:11cv845 |
| | § | Judge Clark/Judge Mazzant |
| SUPERIOR GLOBAL SOLUTIONS, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOVING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING EXTENSION OF TIME TO FILE DEFENDANTS' BELATED ANSWERS AND ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 22, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that plaintiff's Motion for an Order for Entry of Default by the Court Clerk and for Default Judgment as to the Defendants Superior Global Solutions, Inc., Gary Smith, Kathy Coos, and Karen Boudreaux [Doc. #79] be denied [Doc. #88]. On February 22, 2013, the Magistrate Judge also granted defendants' Motion for Enlargement of Time in which to File Answer, and deemed the answers filed on January 7, 2013 as timely [Doc. #89]. On March 11, 2013, plaintiff filed Objections to the Report and Recommendation of the Magistrate Judge and Motion for Reconsideration of Order Granting Extension of Time to File Defendants' Belated Answers [Doc. #90]. On March 25, 2013, defendants filed a response [Doc. #92]. On April 4, 2013, plaintiff filed

a reply [Doc. #93]. On April 15, 2013, defendants filed a sur-reply [Doc. #98].

On December 22, 2011, plaintiff filed a complaint against defendants. Defendants timely responded to the suit by filing motions to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Magistrate Judge issued reports and recommendations on the motions. Objections were filed, and an order adopting was entered on December 17, 2012, in which the motions were granted in part and denied in part. The answer date, as calculated pursuant to the rules, was January 3, 2013. Defendants did not file an answer or any other appropriate motion on January 3, 2013. On January 7, 2013, plaintiff then filed a motion for entry of default and motion for default [Doc. #77, #79]. After the motion for default was filed, defendants filed answers on January 7, 2013 [Doc. #78, #80]. Defendants also filed a joint motion for enlargement of time in which to file their answers [Doc. #81]. The Clerk has taken no action on the request for entry of a default. On February 22, 2013, the Magistrate Judge granted f efendants' motion for extension of time to file answer and deemed answers filed on January 7, 2013 as timely [Doc. #89].

Plaintiff's motion to reconsider asserts that the Magistrate Judge lacked authority to grant the request to deem the late answers timely filed. Plaintiff asserts that the Magistrate Judge cannot sign an order that would moot the district judge's review of a Magistrate Judge's recommendations.

Federal law affords a Magistrate Judge broad discretion in the resolution of non-dispositive pretrial matters. *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The standard for a motion for reconsideration is "clearly erroneous." *Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985). The court may modify or set aside a Magistrate Judge's order only if it is clearly erroneous or contrary to law. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Plaintiff fails to assert how the Magistrate Judge's decision is clearly erroneous or contrary to law. The motion for extension is a non-dispositive motion that only required an order as opposed to a report and recommendation. Rule 6(b) (1)(B) of the Federal Rules of Civil Procedure provides that when a party moves the court to accept a filing after the relevant deadline, the court may "for good cause, extend the time ... if the party failed to act because of excusable neglect ." FED. R. CIV. P. 6(b). Although plaintiff asserts that defendants must demonstrate a meritorious defense, this requirement is not required under Rule 6(b). The Magistrate Judge acted well within his discretion based upon the facts of this case to grant an extension of the answer deadline. After considering the motion to reconsider and all responses, the court finds that the plaintiff failed to demonstrate how the Magistrate Judge's decision was clearly erroneous or contrary to law, and the motion to reconsider is denied.

Plaintiff also filed an objection to the report and recommendation that recommended denial of the motion for default. Plaintiff's last objection is that the motion is not moot as found by the Magistrate Judge. The court has determined that the Magistrate Judge correctly granted the extension to file a late answer, which the court agrees would moot any request for a default judgment. However, the Magistrate Judge made this recommendation only as an alternative ground for denial of the motion for default. The Magistrate Judge fully considered the merits of the motion and recommended denial of the motion on the merits. After making that finding on the merits, the Magistrate Judge then determined that the motion should also be denied as moot. The court overrules the objection and finds no error by the Magistrate Judge.

Plaintiff then objects that the Magistrate Judge failed to consider whether there was a meritorious defense, that the "mis-calendering" the deadline is not considered excusable neglect, and that she would suffer prejudice if the default was not granted.

None of the objections have any merit. Plaintiff repeatedly argues in her pleadings that defendants' various motions should be struck and not recognized because defendants are in default. These arguments are frivolous and are rejected. Plaintiff's belief that a default has been entered is mistaken. Again, the record is clear, the fact that defendants missed a deadline to answer by a few days is not the same thing as a default judgment being entered against defendants. All that happened in this case was that defendants missed their deadline to file an answer by a few days. Plaintiff seems to want to take a missed deadline and declare herself the winner in this lawsuit, simply because a deadline was missed by a few days. The court will consider all motions currently pending that have been filed by defendants, because those motions are properly before the court. No default has ever been entered in this case, and the court is not addressing a motion to set aside a default judgment.

Even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger—Silas Mason Co.,*

*Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03–CV–923–M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).

The court agrees with the Magistrate Judge that a default judgment should not be entered in this case. Plaintiff has failed to demonstrate any prejudice in this case. Plaintiff has failed to assert how a delay of two business days caused her any harm. Plaintiff tries to argue that there is some prejudice from the defendants filing a motion for summary judgment. However, the court does not see how a delay of a few days in filing an answer causes any prejudice to plaintiff. The summary judgment is a proper motion filed by defendants and will be considered at the appropriate time. The court sees no prejudice to the fact that plaintiff must establish that there is a fact issue in responding to a motion for summary judgment. The drastic remedy of a default judgment against defendants is not appropriate based upon the facts of this case.

The bottom line is that defendants have properly filed an answer. No default has ever been entered against any of the defendants and no default should be entered against any of the defendants. Defendants were well within their rights to seek discovery and file motions which are now pending before the court. The court agrees with the Magistrate Judge's handling of these matters and finds no error.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff [Doc. #90], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that plaintiff's Motion for an Order for Entry of Default by the

Court Clerk and for Default Judgment as to the Defendants Superior Global Solutions, Inc., Gary Smith, Kathy Coos, and Karen Boudreaux is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion for Reconsideration of Order Granting Extension of Time to File Defendants' Belated Answers is **DENIED**.

So **ORDERED** and **SIGNED** this **9** day of **May, 2013.**

_____
Ron Clark, United States District Judge