**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KRISHNA REDDY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-845 |
| | § | Judge Clark/Judge Mazzant |
| SUPERIOR GLOBAL SOLUTIONS, INC., | § | |
| ET AL. | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 14, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendants' Joint Motion for Summary Judgment [Doc. #91] be granted and plaintiff's Motion for Summary Judgment [Doc. #95) be denied [Doc. #110]. On May 31, 2013, plaintiff filed objections to the report [Doc. #111]. On June 14, 2013, defendants filed a joint response to the objections [Doc. #112].

The Magistrate Judge's findings were based, in part, upon plaintiff's failure to answer the requests for admissions which were deemed admitted. The Magistrate Judge determined, that based upon the deemed admissions, defendants were entitled to summary judgment on the remaining claims. However, the Magistrate Judge then proceeded to examine the defendants' motion without consideration of the deemed admissions. The Magistrate Judge considered each claim and the

summary judgment evidence and determined that defendants' motion should be granted and plaintiff's motion should be denied.

Plaintiff first lists facts she wants the court to consider and then states a rambling series of objections to the facts set out by the Magistrate Judge. [Doc. #111, p. 3-11]. Even if the court accepts this "version" of the facts as true, plaintiff fails to point out how any of this evidence demonstrates that any of the actions by defendants occurred because of plaintiff's race, gender, age, religion, or national origin. The record is clear that plaintiff only began asserting that she was subjected to a hostile environment after defendants began questioning her job performance. The record is also clear that every time a suggestion was made to plaintiff about improvement, she responded with an allegation of a Title VII violation.

Plaintiff also objects to the Magistrate Judge relying upon the deemed admissions. Plaintiff failed to timely respond to the request for admissions. Plaintiff's email to counsel stating that she would not respond does not count as an answer to the request for admissions. Even if this email were a proper response, which it is not, the email was not timely and the requests for admissions are deemed admitted as a matter of law. Moreover, the Magistrate Judge did not stop his analysis there, but rather examined the motion without consideration of the deemed admissions. The court finds no error.

Plaintiff's next section of her objections is entitled "legal standard." In this section, plaintiff raises issues that have been addressed in previous orders of the court. For instance, plaintiff seems to think that the defendants were in default and, because of that allegation, she was not required to respond to discovery from defendants. The court has previously addressed this issue and determined that plaintiff is mistaken. No default was ever entered against the defendants, and plaintiff was

required to answer discovery. No stay was ever requested in this case. Plaintiff also raises frivolous arguments that defendants and their attorneys manufactured evidence. There is no evidence of manufactured evidence, and plaintiff's argument has no basis in fact or reality.

Plaintiff objects that the Magistrate Judge erred by finding that there was no liability under Title VII against Superior based upon the evidence submitted by defendants. Plaintiff provided no evidence that she was treated differently than others similarly situated but outside of her protected classes, and she failed to provide evidence that Superior's actions were motivated by discriminatory motive. The Court also agrees with the Magistrate Judge that there was simply no evidence that plaintiff was subjected to a hostile environment. There was no evidnece of untoward remarks, humiliating or derogatory acts, or even slights. There were a few suggestions to improver her performance, ususally accompanied by a compliment such as "Thank you for your hard work." There was no evidence to that the actions by Superior were a pretext for discrimination.

Plaintiff objects to the dismissal of her section 1981 claim. The court agrees with the Magistrate Judge that plaintiff fails to provide evidence that defendants discriminated against her based upon her race, and she failed to provide evidence that defendants Kathy Coos and Christine Randolph were her supervisors at Superior.

Plaintiff objects to the dismissal of her claim for tortious wrongful termination in violation of public policy. The Magistrate Judge found that the undisputed evidence demonstrates that plaintiff was terminated only after she refused to work in Schuster's region and there was nowhere to transfer her. Plaintiff failed to offer evidence to refute this fact.

Plaintiff objects to the dismissal of her breach of contract claims. The Magistrate Judge determined that the only requirement under California law to terminate an at-will employee is notice,

3

and in this case, notice was given. Plaintiff asserts that she was not at-will employee. However, plaintiff offered nothing to rebut ample evidence that she was an at-will employee.

Plaintiff objects to the dismissal of her claim for implied covenant of good faith and fair dealing. She simply re-urges the arguments made before the Magistrate Judge. The court finds no error in the dismissal of this claim.

Plaintiff objects to the dismissal of her claim for promissory estoppel. The Magistrate Judge found that plaintiff offered no evidence to support any alleged promise and that plaintiff failed to offer summary judgment evidence that she relied on the alleged promise or was damaged by any reliance. Plaintiff again merely reasserts the same arguments made before the Magistrate Judge. The court sees no error in the decision to dismiss this claim.

Plaintiff objects to the dismissal of her claims for intentional and negligent infliction of emotional distress. But plaintiff asserts, and it is uncontroverted that, her termination was intentional, which cannot give rise to a claim for negligent infliction of emotional distress. As to the claim for intentional infliction of emotional distress, the Magistrate Judge found that plaintiff produced no evidence that she was subjected to extreme and outrageous conduct or that she suffered severe or extreme emotional distress. Plaintiff asserts that she suffered financial hardships and that defendants' conduct was malicious and outrageous. The Magistrate Judge did not err. Financial hardship often occurs when one loses a job, but is not by itself evidence of intentional infliction of emotional distress. Plaintiff produced no evidence of malice or outrageous conduct that would meet the standard required to prove intentional infliction of emotional distress.

Plaintiff objects that the denial of her motion for summary judgment is clearly erroneous and contrary to law. Plaintiff makes the unfounded allegation that the Magistrate Judge is biased

against her. There is no basis for this allegation, and a review of the record demonstrates that the Magistrate Judge has made a careful review of this case from the beginning. Plaintiff's statement that "unfortunately, the biased Magistrate judge, who wants to 'protect Texas citizens' from this lawsuit, simply would not comply with the clearly established guidelines of the Supreme Court." This allegation is frivolous and contrary to the record and has no basis in law or fact. The Magistrate Judge was correct in denying plaintiff's motion for summary judgment.

Plaintiff's final objections relates to the Magistrate Judge's denial of plaintiff's other related motions. The Magistrate Judge recommended the denial of plaintiff's Motion for an Order to Strike the Late-Filed Pleadings by the Defendants [Doc. #99] and Motion for Judgment for the Plaintiff for Failure of Defendants to State a Valid Legal Defense to the Plaintiff's Claims and for the Defendants' Bad Faith Actions [Doc. #100]. Plaintiff again only reargues the same reasons provided in her motions. The court finds no error by the Magistrate Judge.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that defendants' Joint Motion for Summary Judgment [Doc. #91) is GRANTED and plaintiff's case is **DISMISSED** with prejudice.

It is further **ORDERED** that plaintiff's Motion for Summary Judgment [Doc. #95] is **DENIED**.

It is further **ORDERED** that plaintiff's Motion for an Order to Strike the Late-Filed Pleadings by the Defendants [Doc. #99] and Motion for Judgment for the Plaintiff for Failure of

5

Defendants to State a Valid Legal Defense to the Plaintiff's Claims and for the Defendants' Bad Faith Actions [Doc. #100] are **DENIED**.

So **ORDERED** and **SIGNED** this **24** day of **June, 2013.**

_____
Ron Clark, United States District Judge